IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Hamilton Township | : | |
| | : | |
| v. | : | No. 1654 C.D. 2024 |
| | : | Submitted: March 3, 2026 |
| Ramis Gimadeyev, | : | |
| | : | |
| Appellant | : | |

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE CHRISTINE FIZZANO CANNON, Judge
HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                        FILED:  July 7, 2026

Ramis Gimadeyev (Property Owner), proceeding *pro se*, appeals from an order of the Monroe County Court of Common Pleas (trial court), filed July 1, 2024, denying his Petition to Open the Default Judgment (Petition to Open) that enjoined him from using his property as a short-term rental.  Property Owner contends the trial court erred by refusing to open the default judgment, improperly treating his argument as a collateral attack on a prior unappealed decision, and incorrectly concluding it lacked jurisdiction to consider his defense that short-term rental use is permitted under a different zoning classification.  We affirm.

## I. Background

Property Owner owns property located at 132 Buckfield Lane, Hamilton Township, Monroe County, Pennsylvania (Property).  The Property is in

the "E" residential zoning district (District E) under Hamilton Township Zoning Ordinance (Ordinance). Reproduced Record (R.R.) at 9a. On June 10, 2020, the Township issued an Enforcement Notice advising Property Owner that the use of the Property as a hotel/transient rental facility violated Article IV, Section 402.1 of the Hamilton Township Zoning Ordinance (Ordinance), which permits single-family detached dwellings and accessory uses and essential services. *Id.*; *see id*. at 183a-84a. These uses are classified as "Use Class 1 – Single Family Residential" uses. *Id*. at 184a.

Property Owner appealed to the Hamilton Township (Township) Zoning Hearing Board (ZHB). By order dated October 8, 2020, the ZHB upheld the Enforcement Notice upon finding that Property Owner was using the Property as a short-term rental through Airbnb/VRBO and that such use was not permitted in District E under Use Class 1. Notably, Property Owner did not appeal the ZHB decision.

Despite the ZHB's ruling, Property Owner continued to rent the Property for short-term stays typically lasting two nights and generating substantial income ($108,097 in 2020; $117,076 in 2021; $122,564 in 2022). In response, the Township filed two actions in the trial court: (1) Enforcement Action at No. 7101-CV-2022 and (2) Injunction Action at No. 7844-CV-2022 (this case). The Township initiated the Enforcement Action after Property Owner continued engaging in the same short-term rental activity that the ZHB previously determined was illegal. The Township initiated the Injunction Action by filing a complaint to enjoin the continued short-term rental activity.

In the Injunction Action, Property Owner failed to answer the complaint, which resulted in a default judgment on January 20, 2023. Property

Owner then filed a timely Petition to Open, asserting confusion led to the failure to answer and a "meritorious defense," namely, that District E also permits "Use Class 6 – Conservation" uses, which includes "commercial recreational facilities."[1] R.R. at 31a-33a; *see id.* at 161a, 183a, 187a.

Before ruling on the Petition to Open, the trial court proceeded with the Enforcement Action. Property Owner again reasserted that his use of the Property for short-term rentals was permitted under a different use class as a commercial recreational facility. By order and opinion dated June 12, 2024, the trial court concluded it lacked jurisdiction to consider this new defense because Property Owner had not raised it before the ZHB and did not appeal the ZHB's decision. As a result, the ZHB's decision that Property Owner's use violated the Ordinance became final and binding. The trial court concluded that Property Owner's new challenge amounted to a collateral attack of the ZHB's decision. The trial court opined that the only issue properly before it in the Enforcement Action was whether the unlawful use continued. The trial court found that it had. Thus, the trial court entered judgment in favor of the Township and imposed a fine of $113,100.00 ($100 per day for 1,131 days of noncompliance).

Property Owner filed a post-trial motion, which the trial court denied. Property Owner then appealed to this Court. By per curiam order dated June 5, 2025, this Court dismissed the appeal for failure to comply with prior court orders. *Hamilton Township v. Gimadeyev* (Pa. Cmwlth., No. 1244 C.D. 2024, filed June 5, 2025) (*Gimadeyev I*). Property Owner did not seek reconsideration.

Relevant to this appeal, the trial court considered the Petition to Open in the Injunction Action. By order filed July 1, 2024, the trial court denied the

---

[1] The Ordinance does not define "commercial recreational facilities."

Petition to Open on the same grounds stated in its June 12, 2024 opinion and order in the Enforcement Action. R.R. at 76a. This appeal now follows.[2]

## II. Issues

In this appeal, Property Owner contends that the use of the Property as a short-term rental qualifies as a "commercial recreational facility" under Use Class 6, which is a permitted use in District E. He maintains that this is a new meritorious defense and not an impermissible collateral attack on the final ZHB decision. Property Owner contends that the trial court erred in concluding it lacked jurisdiction to consider his Use-Class-6 argument where the Enforcement Notice only referenced Use Class 1.

The Township counters that the dismissal of the related Enforcement Action in *Gimadeyev I* precludes meaningful review of the trial court's decision in this case.[3] We begin with the Township's counter argument.

## III. Discussion
### A. Dismissal of the Enforcement Action

The Township argues that the dismissal of Appellant's appeal in the Enforcement Action in *Gimadeyev I* renders the trial court's decision in that case final and unreviewable, and that finality has a direct preclusive effect on the present Injunction Action appeal. According to the Township, the trial court correctly relied on its ruling in the Enforcement Action in which it rejected Property Owner's

---

[2] In reviewing the denial of a petition to open a default judgment, our review is limited to determining whether the trial court abused its discretion or committed an error of law. *Easton Condominium Association, Inc. v. Nash*, 127 A.3d 856, 858 n.4 (Pa. Cmwlth. 2015); *Gravely v. Gaffney*, 437 A.2d 1041, 1042-43 (Pa. Cmwlth. 1981).

[3] Property Owner did not file a brief in reply.

"relabeling" defense as an impermissible collateral attack on the prior unappealed ZHB decision upholding the Enforcement Notice. Because the enforcement decision is now conclusive, the Township contends that collateral estoppel bars Property Owner from relitigating or reframing the same issue here. The Township notes that Property Owner himself acknowledged that the outcome of this injunction appeal entirely depended on the Enforcement Action appeal. Because that Enforcement Action appeal was dismissed, Property Owner cannot now obtain indirect review of the same issues by attacking the prior determination of violation in this Injunction Action. Thus, the Township maintains that meaningful review is precluded, and the trial court's order in the Injunction Action must be affirmed. We agree.

This Court has long recognized that the doctrine of collateral estoppel prevents a party from relitigating an issue already decided. *UnitedHealthcare of Pennsylvania, Inc. v. Baron*, 171 A.3d 943, 957 (Pa. Cmwlth. 2017). For collateral estoppel to apply, the following four elements must be met:

> (1) the issue decided in the prior action is identical to one presented in a later action;
>
> (2) the prior action resulted in a final judgment on the merits;
>
> (3) the party against whom estoppel is asserted was a party to the prior action or in privity with a party to the prior action[;] and[,]
>
> (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action.

*Id.* (citation and quotations omitted).

5

All four elements are satisfied here. First, the issue in this appeal is the same as in the Enforcement Action. Whether described as a "commercial recreational facility" or by any other label, the central issue in both proceedings is identical: whether Property Owner's short-term rental activity constitutes a permitted use under the Ordinance. That question was squarely decided against him by the ZHB when it upheld the Enforcement Notice and again by the trial court in the Enforcement Action. Second, the trial court's June 12, 2024 order and opinion in the Enforcement Action constitute a final judgment on the merits. Although Property Owner filed an appeal, this Court dismissed it for failure to comply with court directives, rendering the trial court's decision final and conclusive. *See Gimadeyev I*. Third, Property Owner was indisputably a party to the ZHB proceedings and the subsequent Enforcement Action. And fourth, Property Owner had a full and fair opportunity to raise all defenses, including the reclassification theory he now advances, before the ZHB, the trial court, and through appellate review, which he chose not to perfect. Having already litigated and lost on the issue of whether the use is permitted, and having allowed the adverse judgments to become final, Property Owner is now precluded from attempting to relitigate that issue here. Although we recognize the substantive force of his commercial recreational facility argument, his procedural choices leave us constrained to affirm.

Accordingly, the trial court's July 1, 2024, order is affirmed.


_____
MICHAEL H. WOJCIK, Judge

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Hamilton Township | : | |
| | : | |
| v. | : | No. 1654 C.D. 2024 |
| | : | |
| Ramis Gimadeyev, | : | |
| | : | |
| Appellant | : | |

# **O R D E R**

AND NOW, this 7th day of July, 2026, the order of the Monroe County Court of Common Pleas, filed July 1, 2024, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge